WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Five Points Hotel Partnership; Paragon Hotel Corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>Joe Pinsonneault, et al.,<br><br>    Defendants. | No. CV-11-00548-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Attorney's Fees. (Doc. 67). The Court now rules on the motion.

## I.   BACKGROUND

This case arose from Plaintiffs' attempts to collect on a judgment obtained in state court against Defendants' limited liability company, Casa Grande Resort Living, LLC ("Casa"). Plaintiffs, Five Points Hotel Partnership and Paragon Hotel Corporation, sued Casa and Pinsonneault for breach of contract, among other claims, ultimately obtaining a judgment against Casa. *See Five Points Hotel P'ship v. Pinsonneault*, No. 2 CA-CV 2010-0118, 2011 WL 346314, at *1 ¶¶ 3–4 (Ariz. Ct. App. Feb. 3, 2011).

Seeking to enforce the judgment against Defendants, Plaintiffs filed an alter-ego claim in federal court. (Doc. 1 ¶ 63). The Court granted summary judgment for Defendants, concluding that because Plaintiffs pleaded alter ego as an independent cause of action, and Arizona law does not recognize alter ego as an independent cause of action, Plaintiffs did not state a claim for which the Court could impose liability. *See*

(Doc. 65 at 7).

## II. LEGAL STANDARD

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). In determining whether a claim arises out of a contract, the court considers the "nature of the action and the surrounding circumstances." *Marcus v. Fox*, 723 P.2d 682, 684 (Ariz. 1986)). An action arises out of a contract under A.R.S. § 12-341.01(A) if the action could not exist "but for" the contract, meaning that the presence of a contract is a legal element of the action. *See Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1141 (Ariz. 1982). Thus, A.R.S. § 12-341.01 does not apply if the "contract is only a factual predicate to the action but not the essential basis of it." *Kennedy v. Linda Brock Auto. Plaza, Inc.*, 856 P.2d 1201, 1203 (Ariz. Ct. App. 1993). Nor does the "mere reference to a contract in a complaint . . . make the action one 'arising out of contract.'" *Dooley v. O'Brien*, 244 P.3d 586, 591 ¶ 18 (Ariz. Ct. App. 2010).

## III. ANALYSIS

Defendants argue that the Court should grant their Motion for Attorney's Fees because Plaintiffs would not have filed the alter-ego claim if the contract giving rise to the underlying state court judgment did not exist. (Doc. 67 at 4; Doc. 73 at 3). Therefore, Defendants conclude that Plaintiffs' alter-ego claim arises out of a contract and attorney's fees are justified. (Doc. 67 at 4; Doc. 73 at 3). Alternatively, Defendants contend that Plaintiffs' admitted (Doc. 11 ¶ 88) the alter-ego claim arises out of a contract and that admission is binding on both Plaintiffs and the Court. (Doc. 67 at 2–3; Doc. 73 at 2). Plaintiffs argue that the Court should deny Defendants' Motion for Attorney's Fees because Plaintiffs' alter-ego claim arose from the state court judgment, not the contract on which the state court judgment was based. (Doc. 72 at 4–5).

### A. Arising out of Contract

Defendants argue that Plaintiffs' alter-ego claim arises out of a contract because Plaintiffs' would not have filed the alter-ego claim but for the contract that gave rise to

- 2 -

their claim in state court. (Doc. 67 at 4; Doc. 73 at 3). At least one court has declined to conclude that actions to enforce a judgment fall within the scope of A.R.S. § 12-341.01 solely because the original action giving rise to the judgment arose in contract. *See S.A.R.L. Aquatonic Labs. v. Marie Katelle, Inc.*, No. CV-06-0640, 2007 WL 4287835, at \*1 (D. Ariz. Dec. 6, 2007). In *S.A.R.L. Aquatonic Laboratories*, a French corporation brought an action to collect damages awarded to it in a breach of contract case decided by a French court. *Id.* The Court enforced the French judgment and the corporation sought attorneys' fees arguing that because the French judgment was based on a contract, the enforcement action was one arising out of a contract. *Id.* The Court rejected this argument, stating that although "the contractual relationship was indispensable to plaintiff's underlying judgment . . . . [it] was essentially irrelevant to the enforcement action," and the enforcement action was "not dependent on the nature of the underlying claim." *Id.* at \*1–2; *see also Bennett Blum, M.D., Inc. v. Cowan*, 330 P.3d 961, \_\_\_ ¶ 13 (Ariz. Ct. App. 2014) (A.R.S. § 12-341.01 did not apply to statutory garnishment proceeding).

Here, Plaintiffs' sole claim was for alter-ego liability. (Doc. 65 at 7). Plaintiffs' claim for alter ego does not exist as a cause of action under Arizona law. (*Id.*) Therefore, it cannot arise out of a contract. However, even if alter ego was a valid cause of action, the contract was irrelevant to proving alter ego and enforcing the state court judgment. Accordingly, Plaintiffs' alter-ego claim did not arise out of a contract and Defendants are not entitled to attorney's fees under A.R.S. § 12-341.01.

### B. Judicial Admissions

Defendants assert that, regardless of the applicability of A.R.S. § 12-341.01, Plaintiffs admitted that this action arises out of a contract and therefore are estopped from denying the propriety of a fee award. (Doc. 67 at 2–3; Doc. 73 at 2). Plaintiffs stated in their amended complaint that their "claim arises out of a valid contractual relationship between the parties, [and] Plaintiffs' are entitled to reasonable attorneys' fees." (Doc. 11 ¶ 88). Defendants contend that this statement is a judicial admission binding on both

Plaintiffs and the Court. (Doc. 67 at 2–3; Doc. 73 at 2).

Under federal law, factual assertions made by one party in pleadings, stipulations, or testimony, for that party's benefit, are judicial admissions and are binding on that party and the court. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1998). Judicial admissions withdraw a fact from issue and dispense with the need to prove the fact. *Id.* However, admissions are only binding if they are statements of fact. *See In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 377 (3d Cir. 2007); *Am. Title Ins. Co.*, 861 F.2d at 227; *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 341 (6th Cir. 1997). Statements of legal theories or legal conclusions are not admissions and are not binding on the parties or the court. *See In re Teleglobe Commc'ns Corp.*, 493 F.3d at 377; *Am. Title Ins. Co.*, 861 F.2d at 226–27; *MacDonald*, 110 F.3d at 341.

The statement in Plaintiffs' amended complaint (Doc. 11 ¶ 8) is a legal conclusion, not a statement of fact. Therefore, it is not a judicial admission and is not binding on Plaintiffs or the Court. Accordingly, Defendants are not entitled to attorney's fees.

**IV.   CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion for Attorney's Fees (Doc. 67) is DENIED.

Dated this 24th day of September, 2014.

James A. Teilborg
Senior United States District Judge

- 4 -